**VANDERPOOL, Appellee,**

v.

·**VANDERPOOL, Appellant.**

[Cite as *Vanderpool v. Vanderpool* (1997), 118 Ohio App.3d 876.]

Court of Appeals of Ohio,
Ninth District, Lorian County.

No. 96CA006467.

Decided April 2, 1997.

*Charles F. Adams,* for appellee.

*Timothy T. Smith,* for appellant.

REECE, Judge.

Appellant, Pearl Vanderpool, appeals the judgment of the Domestic Relations Division of the Lorain County Court of Common Pleas granting appellee, Vernon Vanderpool, Sr., a divorce, distributing the parties' marital property, and awarding spousal support. We reverse.

I

Vernon and Pearl Vanderpool were married on August 19, 1983. Approximately twelve years later, on May 1, 1995, Vernon filed a complaint for divorce, alleging extreme cruelty, gross neglect of duty, and incompatibility. At the time Vernon filed for divorce, Pearl lived in Illinois. Pearl failed to answer Vernon's complaint and did not appear for the trial held on April 29, 1996. On that same day, the trial court granted Vernon an uncontested divorce based on incompatibility.

In its order of divorce, the trial court distributed the parties' property according to Vernon's proposed journal entry. Pearl was given:

(1) the proceeds from the sale of real estate located at 206 Fairfax Rd., Vermillion, Ohio,

(2) the 1993 Geo automobile then in her possession,

(3) any life insurance policy in her possession,

(4) her Sprint and Armor Meat Company pensions,

(5) her Social Security benefits,

(6) $228 per month in spousal support,

(7) $436 per year for automobile insurance,

(8) entitlement to claim COBRA benefits from Vernon's employer,

(9) any furniture, furnishings, appliances and personal belongings then in her possession, and

(10) any bank accounts then in her possession.

Vernon received:

(1) the real estate, valued at $37,000 with a first mortgage of $19,901.31, located at 1702 West 21st Street, Lorain, Ohio,

(2) all vehicles then in his possession,

(3) the camper located at Lake Village Camp Grounds,

(4) any life insurance policies in his possession,

(5) his pension from Century Telephone,

(6) any furniture, furnishings, appliances and personal belongings then in his possession, and

(7) any bank accounts in his possession.

Additionally, Vernon was ordered to (1) pay $228 per month in spousal support, (2) pay $436 per year for Pearl's automobile insurance, (3) sign any documents necessary to facilitate Pearl's claim for COBRA benefits from Vernon's employer, (4) pay all debts, an amount in excess of $55,000, owed to the parties' creditors, and (5) pay all court costs of the action. Pearl appealed the trial court's judgment on May 28, 1996.

## II

Pearl presents three assignments of error as follows: (1) the trial court erred in determining property division and spousal support without hearing evidence on the matter, (2) the trial court erred in failing to make written findings of fact supporting its division of marital property, and (3) the trial court erred in "entering a final order against the manifest weight of the evidence for reason that no evidence was presented or received upon which a decision could be made as to issues of division of property, allocation of debts, and the reasonableness of the amount and duration of spousal support."

Pearl's first and third assignments of error are merely different statements of the same claimed error. Her second assignment of error is based upon essentially the same underlying complaint as well: the trial court was without evidence enabling it to divide the marital property or award spousal support. Therefore, we will address all three collectively.

A trial court enjoys broad discretion in fashioning an equitable division of marital property and awarding spousal support. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 481–482, 450 N.E.2d 1140, 1141. To

find an abuse of that discretion, the record must show more than an error of judgment on the trial court's part; the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031. In determining a division of marital property and spousal support award, the trial court must consider and address the factors listed in R.C. 3105.171 and 3105.18. *Focke v. Focke* (1992), 83 Ohio App.3d 552, 554, 615 N.E.2d 327, 328; *Layne v. Layne* (1992), 83 Ohio App.3d 559, 562, 615 N.E.2d 332, 333–334. Failure to consider these mandatory statutory factors is an abuse of discretion. See, *e.g., Bisker v. Bisker* (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308, 309. See, also, *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 96, 518 N.E.2d 1197, 1200–1201.

In the present case, neither the transcript of the proceedings nor the trial court's judgment entry indicates that the court considered the factors enumerated in R.C. 3105.171(F) and 3105.18(C). R.C. 3105.171(F) provides that the trial court *"shall* consider all of the following factors [in dividing the marital property and making any distributive award]:

"(1) The duration of the marriage;

"(2) The assets and liabilities of the spouses;

"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

"(4) The liquidity of the property to be distributed;

"(5) The economic desirability of retaining intact an asset or an interest in an asset;

"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

"(9) Any other factor that the court expressly finds to be relevant and equitable." (Emphasis added.)

R.C. 3105.18 similarly provides that in awarding spousal support, the "court *shall* consider all of the following factors:

"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

"(b) The relative earning abilities of the parties;

"(c) The ages and the physical, mental, and emotional conditions of the parties;

"(d) The retirement benefits of the parties;

"(e) The duration of the marriage;

"(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(g) The standard of living of the parties established during the marriage;

"(h) The relative extent of education of the parties;

"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

"(l) The tax consequences, for each party, of an award of spousal support;

"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

"(n) Any other factor that the court expressly finds to be relevant and equitable." (Emphasis added.)

The evidence presented at the April 29, 1996 hearing went to the duration of the parties' marriage, their lack of children, and their incompatibility. Vernon did not introduce any evidence of the values of any marital, or separate, properties. The trial court's order appears to be merely an adoption of Vernon's recitation of the division of marital property and debts, and support award; the judgment does not indicate the factual basis for the division of property or debt, or support award, in the manner so ordered.

In order for this court to review the allocation of property between parties to a divorce and any support award, the "trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Kaechele*, 35 Ohio St.3d at 93, 518 N.E.2d at 1198, paragraph two of the syllabus. See, also, *Layne*, 83 Ohio App.3d at 564, 615 N.E.2d at 334–335. Because of the lack of evidence in the record supporting a conclusion that the trial court considered the

mandatory statutory factors, and because the trial court failed to indicate the factual basis for its award in its judgment entry, we find the trial court's division of marital property and debt, and its support award, in the case *sub judice* to be an arbitrary abuse of discretion. The court must consider the factors listed in R.C. 3105.171 and 3105.18 despite the uncontested nature of the divorce.

Accordingly, the decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

### III

The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, ordering a division of marital property and debt between Vernon and Pearl Vanderpool and ordering payment of spousal support to Pearl Vanderpool, is reversed. The cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, P.J., and BAIRD, J., concur.