DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paul Daugherty, appeals from the orders of the Wayne County Court of Common Pleas, Domestic Relations Division, vacating the Decree of Dissolution and granting the parties a divorce. We affirm.
The parties to this action entered into a separation agreement on August 7, 1997. This agreement was filed with the court in conjunction with a Petition for Dissolution on August 19, 1997. A hearing regarding this petition was held in front of a magistrate on September 30, 1997. The magistrate's proposed decision was journalized on October 2, 1997. The judge entered a Decree of Dissolution the same day. Within the statutorily prescribed time, Appellee, Bonnie Daugherty, filed objections to the magistrate's decision and a supporting memorandum of law. Appellee also filed a motion to convert the action to a divorce action under R.C.3105.65(C) and, in the alternative, a motion for relief from judgment pursuant to Civ.R. 60(B).
On February 3, 1998, a hearing was held on the objections. Following the hearing, the court sustained Appellee's objections, vacated the Dissolution Decree, and granted the motion for conversion of the claim to a divorce action. Following these proceedings, Appellee filed a complaint for divorce on the grounds of incompatibility. A hearing on the divorce action was held on July 14, 1998. The court entered a decree of divorce on July 28, 1998. Pursuant to this order all marital assets were divided, and Appellant was ordered to pay Appellee spousal support in the amount of five hundred dollars ($500.00) per month. Appellant has timely appealed and raises two assignments of error for review.
ASSIGNMENT OF ERROR I
 The trial court abused its discretion by vacating the Separation Agreement and Decree of Dissolution as there exists no facts to support the claim of the Appellee that she was forced or coerced into signing the Separation Agreement pursuant to a Petition for Dissolution.
The trial court properly vacated its decree of dissolution in this case upon the filing of objections to the magistrate's decision. Pursuant to Civ.R. 53(E)(4)(c):
 [t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
Once objections have been filed, the court is then obligated to rule upon the objections raised. See, Ferbstein v. Silver (July 8, 1998) Summit App. No. 18684, unreported, at 5-6. It is only after the court has ruled upon the objections and issued a final disposition of the case that the order becomes final. AAA PipeCleaning Corp. v. Arrow Uniform Rental, Inc. (July 22, 1999), Cuyahoga App. No. 74215, unreported, 1999 Ohio App. LEXIS 3381, at *4-5.
The trial court had full authority under Civ.R. 53(E)(4)(c) to vacate its prior decree of dissolution when Appellee filed objections to the magistrate's decision. In fact, the trial court was required to rule upon the objections raised by Appellee. After ruling upon the objections, the trial court was faced with three possible options: it could adopt, modify or vacate its prior order. See Civ.R. 53(E)(4)(c). The court chose to vacate its prior decree of dissolution.
The trial court properly vacated the dissolution decree. An action for dissolution requires that the parties agree on both their intent to dissolve the marriage and their intent to enter into the accompanying separation agreement. Gustin v. Gustin
(Dec. 2, 1985), Clermont App. No. CA85-07-049, 1985 Ohio App. LEXIS 9449, at *2-3. If the parties do not agree, a dissolution is not possible and the parties may only terminate their marriage through divorce proceedings. Id. at *3. Through the objections filed and through her testimony at the hearing, Appellee conveyed to the trial court that she and Appellant did not agree on the terms of the dissolution. Accordingly, the court was prohibited from granting the dissolution. The only viable option for the court was to vacate the dissolution decree. As the matter was not final prior to the court's disposition of the objections, the action was properly converted to a divorce proceeding under R.C.3105.65 by Appellee's motion.
Appellant argues extensively about the requirements of a Civ.R. 60(B) motion and Appellee's failure to meet those requirements. This argument is without merit. The trial court explicitly stated that it never reached the Civ.R. 60(B) motion due to the fact that the dissolution decree was vacated on other grounds. Hence, the fact that Appellee may or may not have failed to meet the requirements imposed in order to have a judgment vacated under 60(B) is irrelevant and will not be addressed by this court. Appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The court abused its discretion in determining that $500 per month indefinitely,[sic] was reasonable and appropriate spousal support for Bonnie based upon Paul's financial and health considerations.
The trial court has a great deal of latitude in awarding spousal support and its decisions regarding spousal support are reversible only where the court has abused its discretion.Vanderpool v. Vanderpool (1997), 118 Ohio App.3d, 876, 878-79. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157. Although the court is granted freedom in making spousal support orders, it is constrained in its evaluation of the surrounding facts and circumstances by R.C. 3105.18, which mandates certain relevant factors to be considered when making awards of spousal support. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus. R.C. 3105.18(C)(1) sets out the factors that a trial court must consider when contemplating an order of spousal support as follows:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
The relative earning abilities of the parties;
 The ages and the physical, mental, and emotional conditions of the parties;
The retirement benefits of the parties;
The duration of the marriage;
 The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 The standard of living of the parties established during the marriage;
The relative extent of education of the parties;
 The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 The tax consequences, for each party, of an award of spousal support;
 (m)The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
A trial court is required to "indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele, supra., at paragraph two of the syllabus.
The trial court in its order of July 28, 1998, explicitly stated that it had reviewed R.C. 3105.18(C) and the facts of this case in order to determine the need for spousal support. Significantly the court highlighted specific reasons upon which it premised its determination of need for spousal support. This was a marriage of considerable duration; Appellee has no significant work history, education, or training; and the earnings history of the parties show marked disparity. Based upon these factors, the court did not abuse its discretion when determining that Appellee needed spousal support.
Appellant has argued that although Appellee may need spousal support, his health considerations and financial status preclude him from being able to pay such support now and in the future. The court stated that it was aware of Appellant's claims of health problems, but that no medical evidence was produced to substantiate these claims. In fact, the trial court stated that it believed that Appellant was exaggerating his health problems in order to quash the spousal support. The court went on to state that it believed Appellant's tax returns understated his financial position. Additionally, the trial court retained jurisdiction to modify the spousal support obligation prior to the times established for termination. In light of the court's findings and its continuing commitment to review the support order should the circumstances change, the award of spousal support in the amount of $500.00 per month was not an abuse of discretion. Appellant's second assignment of error is overruled.
Judgment Affirmed
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT CARR, J.
WHITMORE, J.
CONCUR