This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Donald Walker ("Donald"), appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division, granting a divorce to Donald and Appellee, Christine Walker ("Christine"). We affirm.
 I.
Donald and Christine were married on December 31, 1994. Shortly after the couple married, Donald adopted Mindy, Christine's child from a previous relationship, who is now emancipated. There are no other children of the marriage. Christine moved to Phoenix, Arizona in November 1996. Since that time, the couples have maintained two residences. Mindy remained in Ohio with Donald until she graduated from high school. In June 1999, Mindy moved to Phoenix and now lives with Christine.
On December 12, 2000, Christine filed a complaint for divorce. Donald counterclaimed. The final hearing was held on July 19, 2001. The trial court granted both parties a divorce from each other on September 6, 2001. Donald appeals, raising six assignments of error.
 II. Assignment of Error I "THE TRIAL COURT ERRED IN DETERMINING THAT THE FACT THAT THE PARTIES RESIDED TOGETHER PRIOR TO THE MARRIAGE HAD NO IMPACT ON THE ESTABLISHMENT OF THE MARITAL INTEREST IN THE ASSETS ACQUIRED BY THE PARTIES PRIOR TO THE MARRIAGE AS THE CONTRIBUTION OF EITHER PARTY TO THOSE ASSETS WAS INDETERMINABLE WHEN THE FACTS ESTABLISHED THE [COMMINGLING] OF PREMARITAL FUNDS."
 Assignment of Error II "THE TRIAL COURT ERRED IN DETERMINING THAT THE 1975 FIAT AUTOMOBILE WAS A PREMARITAL GIFT FROM THE HUSBAND TO THE WIFE WHEN THERE WAS, IN FACT, NO SUCH EVIDENCE IN THE RECORD."
 Assignment of Error III "THE TRIAL COURT ERRED IN DETERMINING THAT THE HUSBAND COMMITTED FINANCIAL AND ECONOMIC MISCONDUCT DURING THE COURSE OF THE MARRIAGE THAT ACCOUNTED FOR THE FINANCIAL HARDSHIP OF THE PARTIES AS SET FORTH IN PARAGRAPH 4.03 OF THE JUDGMENT ENTRY OF DIVORCE[.]"
 Assignment of Error IV "THE TRIAL COURT ERRED IN DETERMINING THAT THE NEGATIVE EQUITY IN THE MARITAL HOME WAS CAUSED BY THE FINANCIAL MISCONDUCT OF THE HUSBAND AND, THEREBY, PENALIZED THE DIVISION OF PROPERTY WITH RESPECT TO SAID HUSBAND."
 Assignment of Error V "THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN THE AWARDING OF PROPERTY AND DEBTS IN AN INEQUITABLE MANNER IN THIS CASE."
Donald's first, second, third, fourth, and fifth assignments of error are related and will be addressed together for ease of discussion. In his first five assignments of error, Donald challenges the trial court's characterization of property as either marital or separate and the trial's courts division of property. He argues that the trial court failed to take into consideration the fact that the parties lived together for three years prior to the marriage and erroneously found Donald to have committed economic misconduct. Donald argues that, based upon these facts, the division of property was inequitable.
Donald has failed to set forth a single, legal authority to support his contention that the trial court erred in characterizing certain property as non-marital, and therefore separate. He likewise fails to support his argument that the court erred in its division of property. He fails to assert how the couple's cohabitation affects the property division or the characterization of marital and non-marital property. Donald also asserts that the division of marital debt was inequitable, not because it was not equally divided, but because Donald's income is substantially less than Christine's income. He cites to no legal authorities to support such a proposition. Donald's argument essentially contains broad conclusions with no support for any of his assertions.
Accordingly, Donald has failed to provide citations to authorities in support of his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(7). As the appellant, Donald has the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41,60. "[I]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. As Donald did not cite to any legal authority, his broad assertions cannot be considered as sufficient to carry his burden of proving that the trial court erred in its characterization of property as marital or separate, nor are they sufficient to carry his burden of proving that the trial court abused its discretion in the division of property.
Accordingly, because Donald has failed to set forth any legal error by the trial court in his first five assignments of error, this court chooses to disregard them. Therefore, Donald's first, second, third, fourth, and fifth assignments of error are overruled.
 Assignment of Error VI "THE TRIAL COURT ERRED IN FAILING TO AWARD THE HUSBAND SPOUSAL SUPPORT PURSUANT TO THE DICTATES OF OHIO REVISED CODE § 3105.18."
In his final assignment of error, Donald challenges the trial court's denial of his request for spousal support. Donald argues that he is entitled to spousal report upon a review of the factors set forth in R.C. 3105.18, which guide a court's determination of spousal support.
Once the property has been divided in a divorce action, the trial court may consider whether, and for how long, an additional amount is appropriate and reasonable for spousal support. R.C. 3105.18(B). The trial court has wide latitude in awarding spousal support; however, the court's evaluation is constrained by R.C. 3105.18(C)(1), which outlines the factors the court must consider when it determines whether to award spousal support. Abram v. Abram, 9th Dist. No. 3233-M, 2002-Ohio-78, at 2. See, also, Vanderpool v. Vanderpool (1997), 118 Ohio App.3d 876,878-879. An appellate court will not reverse a trial court's decision regarding spousal support absent an abuse of discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Id. at 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Pursuant to R.C. 3105.18(C)(1), the court must consider factors such as the duration of the marriage, the income of the parties, their relative earning abilities, their physical, mental, and emotional condition, the parties' standard of living, and any retirement benefits. The court also considers "[a]ny other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n).
In this case, the trial court denied Donald's claim for spousal support, finding that Donald is capable of full-time employment and earning a solid, livable wage, he contributed minimally to the marriage and had committed economic misconduct which caused financial harm to the parties, and that "the [parties'] lifestyle was set along the lines that wife worked to excess, the husband did little to contribute, and the parties spent to excess, though having little to show for the efforts."
Christine and Donald were married for approximately six and one-half years. For more than four years of their marriage, the parties lived separately, with Donald residing in Ohio and Christine in Arizona. The evidence revealed that both parties are currently employed, Donald as an apartment maintenance person, and Christine as an independent consultant with Toyota. Donald earns $1400.00 per month, plus an apartment and utilities. Christine has been employed in the automobile finance business and is capable of earning from $70,000 to $94,000 annually. Both parties admitted that Christine suffered "burn out" in this field because she routinely worked more than 40 hours per week. She recently obtained an insurance license. The record indicates that both parties are in good health.
The trial court stated that it had considered each of the statutory factors in its decision. After a careful review of the record, we cannot say that the trial court abused its discretion when it denied Donald's request for spousal support. Accordingly, Donald's sixth assignment of error is overruled.
 III.
Having overruled Donald's six assignments of error, we affirm the decision of the Medina County Court of Common Pleas, Domestic Relations Division.
WHITMORE, J., BATCHELDER, J. CONCUR.