This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Anthony Marrero ("Husband"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.
{¶ 2} Husband and Linda Marrero ("Wife") were married on January 1, 1997 and have one child, Katalina, born October 15, 1997. On May 30, 2001, Wife filed a complaint for divorce. Husband filed his answer and counterclaim on June 22, 2001. A hearing on the matter was held on March 6, 2002 and, on March 22, 2002, the trial court granted the parties a divorce. This appeal followed.
{¶ 3} Husband asserts seven assignments of error. We will consider each in turn.
 First Assignment of Error {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT RESTRICTED DEFENDANT-APPELLANT'S PARENTING TIME TO ONLY TEN HOURS EVERY OTHER WEEKEND WHEN THERE WAS NO EVIDENCE PRESENTED THAT THE FATHER HAS ABUSED OR HARMED THE CHILD AND DESPITE THE PARTIES HAVING EXCERCISED COMPANSHIP PURSUANT TO THE STANDARD ORDER OF PARENTING TIME SINCE JULY 3, 2001."
{¶ 5} In his first assignment of error, Husband asserts that the trial court abused its discretion in its award of visitation. Specifically, Husband asserts that the trial court erred in granting him limited visitation rights until he secures housing other than at his parent's home; whereupon, his visitation with the child will become consistent with the trial court's standard order of parenting time. We disagree.
{¶ 6} "An appellate court reviews a trial court's determination of visitation rights under an abuse of discretion standard." Lujan v. Lujan
(Feb. 11, 1998), 9th Dist. No. 18324. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral deliquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} In determining visitation rights, a trial court considers the best interests of a child. Lujan, supra. R.C. 3109.051(A) provides that:
 {¶ 8} "[a court] shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child."
{¶ 9} Further, R.C. 3109.051(D) sets forth factors for a court to consider in determining visitation matters, including "[a]ny other factor in the best interest of the child." R.C. 3109.051(D)(16). "In order to further the child's best interest, the trial court has the discretion to limit or restrict visitation rights." Anderson v. Anderson (2002),147 Ohio App.3d 513, 2002-Ohio-1156, ¶ 18. "`This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child.'" Id., quoting Jannetti v. Nichol (May 12, 2000), 7th Dist. No. 97CA239.
{¶ 10} In the present case, there was testimony with regard to the fact that Husband's parents acted inappropriately with regard to Husband and that it would not be in the child's best interest to witness such behavior. Wife testified that Husband currently resides with his parents and that, during weekend visitations with the child, Husband stays at various places other than at his parents, including his sister's home, possibly his girlfriend's home, or other unknown locations. Wife expressed concern with regard to the fact that Husband never let her know where their daughter was staying and, also, that nothing was stable or structured during Husband and child's time together.
{¶ 11} During the hearing and on appeal, Husband did not and does not assert that his parents' house is an appropriate place for his child to stay; rather, he testified that he planned on moving into his own place as soon as he saved the money, elaborating on the apartments that he had looked at and discussing items that he had bought for the new apartment. In its decision, the trial court determined that, until Husband was able to secure some housing other than at his parents' house, the child would visit with him every other weekend on both Saturdays and Sundays, but would return to Wife's house to spend the night on Saturdays. Thereafter, once Husband found more appropriate housing for the child to stay, the child would stay with him on alternating weekends from Friday night until Sunday night.
{¶ 12} Upon a thorough consideration of the record, we conclude that the trial court did not abuse its discretion in determining that it was best for the child to spend the night in a secure and stable home during weekend visitations until such time as Husband secures housing other than at his parent's house. Husband's first assignment of error is overruled.
 Second Assignment of Error {¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED SPOUSAL SUPPORT TO THE PLAINTIFF-APPELLEE FOR A PERIOD OF THREE YEARS FOR A SHORT TERM MARRIAGE AND FOR AND EXORBITANT AMOUNT WITHOUT LEAVING SUFFICIENT AMOUNT OF INCOME FOR DEFENDANT-APPELLANT TO MAINTAIN HIMSELF."
{¶ 14} In his second assignment of error, Husband asserts that the trial court erred in its award of spousal support. We disagree.
{¶ 15} A trial court has wide latitude in awarding spousal support; however, a court's evaluation is constrained by R.C.3105.18(C)(1), which outlines the factors the court must consider when it determines whether to award spousal support. Abram v. Abram (Jan. 9, 2002), 9th Dist. No. 3233-M, 2002-Ohio-78; see, also, Vanderpool v.Vanderpool (1997), 118 Ohio App.3d 876, 878-879. An appellate court will not reverse a trial court's decision regarding spousal support absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. As pertinent to our review of this assignment of error, the abuse of discretion standard has been discussed in the first assignment of error.
{¶ 16} Pursuant to R.C. 3105.18(C)(1), the trial court must consider factors such as the duration of the marriage, the income of the parties, their relative earning abilities, their physical, mental, and emotional condition, the parties' standard of living, and the extent to which it would be inappropriate for a party to seek employment outside the home because that party is to be the custodian of a minor child of the marriage. The court also considers "any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n).
{¶ 17} In the present case, Husband argues that the trial court erred in awarding Wife spousal support for a period of three years when the marriage was of a short duration and when there was an insufficient amount of income left over for him to live. Specifically, Husband questions why the court did not impute any income to Wife and asks whether her monthly expenses were necessary expenses in light of the fact that he allegedly is left with insufficient income. Moreover, he discusses his expenses and argues that he is especially unable to pay his spousal support payments in light of the fact that his income has been reduced in the past year.
{¶ 18} The parties at issue were married for approximately five years. The evidence in the present case demonstrates that Wife was employed prior to her pregnancy and that she had taken clerical classes in high school and had some practical experience with accounting systems and bookkeeping. Following a discussion between Husband and Wife, the parties decided it would be best for Wife to remain at home with their minor child until the child started school. At the time of the trial, the child was two years old. Testimony at trial also demonstrated that, due to the pending divorce, Wife had been extensively looking for a job but had been unable to find anything. She had hoped to find a job that would pay her approximately $10 per hour. The court noted that Wife quit her previous job due to the parties' agreement that it would be best for her to stay home with their child until the child was school age. The court also stated that Wife had tried to find employment but has been unsuccessful. The court determined that it was inappropriate to require Wife to pursue employment outside the home based upon her need to provide care to the two year-old child and, also, that Wife was not voluntarily unemployed.
{¶ 19} With regard to Husband, he has a base salary of approximately $50,000 per year. Additionally, in the three years prior to the divorce, he averaged approximately an extra $38,000 per year in overtime and profit-sharing. There was testimony from Husband that this additional income was expected to be drastically reduced in the upcoming year. In its judgement entry, the court noted that it had considered testimony regarding a reduction in income in the upcoming year, stating that, based upon Husband's earnings as of the March judgment entry, he was already on track to earn in excess of $60,000 for the year.
{¶ 20} The evidence further demonstrated that Husband has three other children from a previous marriage. He is the non-residential parent of two of those children and has a total court-ordered child support obligation of $624 per month. He is the legal custodian for the third child but testified that, currently, this child resides with his sister. Husband asserts that he pays $260 per month to his sister for the care of this child. In the present case, the trial court also ordered Husband to pay child support for his daughter. In the hearing, Husband testified with regard to his own expenses. He stated that he currently lived with his parents and, as he has not had to pay any rent, has been able to buy items for his future apartment. He also testified that he had been able to look at apartments and had found one for $525 per month, including all the utilities.
{¶ 21} Upon reviewing the evidence, we cannot say that the trial court abused its discretion in its award of spousal support. The court considered the things discussed above as well as the other factors stated in R.C. 3105.18(C)(1) in its award of spousal support and ordered Husband to pay Wife the sum of $791 per month for thirty-six months. There was evidence presented to substantiate the findings and conclusions of the trial court. Furthermore, the court indicated the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Consequently, we cannot say that the trial court abused its discretion. Husband's second assignment of error is overruled.
 Third Assignment of Error {¶ 22} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT AWARD DEFENDANT-APPELLANT ANY SHARE OF THE MARITAL PORTION ON APPRECIATION ON PLAINTIFF-APPELLEE'S SEPARATE PROPERTY."
{¶ 23} In his third assignment of error, Husband asserts that the trial court erred when it failed to award him any portion of the appreciation on the house. Husband does not argue with the court's classification of the house as Wife's separate property but, rather, argues that he should have been awarded one-half of any appreciation in the value of the house. We disagree.
{¶ 24} The record before this court reveals that Husband is raising this argument for the first time on appeal. During the proceedings below, the only testimony with regard to the house was that of Wife. Wife testified that she purchased the house from her deceased father's estate using her portion of interest that each sibling had in the house and, also, her monetary inheritance. She explained that the house was in her name and that she had personally taken out the mortgage for the remainder of the purchase price.
{¶ 25} In the instant matter, Husband had the burden to raise this issue and to present evidence to the trial court. See, generally,O'Brikis v. O'Brikis (Oct. 6, 2000), 11th Dist. No. 99-P-0045; see, also, generally, White v. White (Feb. 18, 1998), 9th Dist. No. 18275. By not raising or addressing this particular claim with the trial court, Husband has failed to preserve any alleged error in this regard. "The general rule is that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." Czup v. Czup
(Sept. 17, 1999), 11th Dist. No. 98-A-0046.
{¶ 26} Furthermore, even if Husband had not waived the issue of appreciation, this court finds that there is no evidence before it of the actual amount of appreciation that occurred during the marriage. While the parties stipulated that the house was currently worth $60,000, there is no evidence of the worth of the house at the time of purchase. Rather, there is merely speculative discussion on the part of Wife as to what she and her siblings thought the house was worth and what she paid for it. Moreover, Wife testified that she believed the house was worth $65,000 at the time of purchase and, were this the case, there was no appreciation but, rather, a decline in the value of the house throughout the marriage. Husband's third assignment of error is overruled.
 Fourth Assignment of Error {¶ 27} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IT'S [sic.] CALCULATION OF CHILD SUPPORT AND ITS PREPARATION OF THE CHILD SUPPORT WORKSHEET."
{¶ 28} In the fourth assignment of error, Husband asserts that the trial court erred in its calculation of child support for several reasons. We agree that the trial court erred in its determination of child support.
{¶ 29} When calculating child support, a court uses the worksheet as set forth in R.C. 3119.022 along with the basic schedule set forth in R.C. 3119.021. Tarr v. Walter (June 19, 2002), 7th Dist. No. 01JE7, 2002-Ohio-3188, ¶ 12. The amount of support payable as calculated on the worksheet is "rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. A trial court may deviate from the amount of child support on the worksheet only if it determines that the amount calculated "would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. Courts have determined that the language of R.C. 3119, et. seq. is mandatory and must be followed both literally and technically in every aspect. See, generally, Ullom v.Ullom (June 14, 2002), 7th Dist. No. 01CO33, 2002-Ohio-3005, ¶ 15; see, also, generally, Paluch v. Paluch (Dec. 20, 1995), 9th Dist. No. 17118.
{¶ 30} "After figuring [the initial calculation on the worksheet], the court may consider factors that lean toward deviation from this amount. In doing so, the court must first set forth the presumed amount as set forth in Ohio's Child Support Guidelines. Then, the court must find and state that this amount would be unjust or inappropriate and that this amount would not be in the child's best interests. In addition, the court must set forth findings of fact supporting this determination and the basis for the deviation. R.C. 3119.22
and 3119.23. The worksheet contains a line, presently line 24.a., on which the court must specifically enter the amount of the deviation. The worksheet then has a line where the court must input the final figure of child support, which is the presumed amount minus or plus the deviation amount." Tarr at ¶ 12.
{¶ 31} In the present case, the trial court calculated the amount of child support using the worksheet as set forth in R.C. 3119.022 and arrived at a figure. Thereafter, in the judgment entry, the court ordered Husband to pay Wife a lesser sum for the support of the child. The court neither entered the amount of deviation on line 24.a. nor stated that the presumed amount was unjust or inappropriate and that this amount would not be in the child's best interest. In stating the amount of child support, the court did not explain the rationale for its deviation or even acknowledge that it was deviating from the presumed amount of child support.
{¶ 32} Because R.C. 3119, et seq. expressly requires the court issuing the child support order to consider the factors enumerated in R.C. 3119.23 before deviating from the presumed amount and explain the rationale for a deviation from the original figure arrived at on the worksheet, we reverse and remand this issue to the trial court for compliance with the statute. As the trial court erred in this manner, we need not address Husband's other assigned errors with regard to the child support obligation. However, on remand, we do note that both parties agree that the trial court should have made an adjustment for Husband's union dues. Husband's fourth assignment of error is sustained.
 Fifth Assignment of Error {¶ 33} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT AWARDING THE TAX EXEMPTION TO THE DEFENDANT-APPELLANT."
{¶ 34} In his fifth assignment of error, Husband asserts that the trial court erred in not awarding him the dependency exemption for the parties' minor child. Wife concedes that this was error on the part of the trial court. Husband's fifth assignment of error is sustained and, on remand, the court will award Husband the dependency exemption for the child in accordance with this decision.
 Sixth Assignment of Error {¶ 35} "THE COURT ERRED IN ITS AWARD OF THE PERSONAL PROPERTY."
{¶ 36} In his sixth assignment of error, Husband asserts that the trial court erred in its division of the parties' personal property. Specifically, Husband asserts that the trial court erred in awarding him a vehicle that has marital debt in the amount of $2700 while Wife was awarded a vehicle with no debt. He also asserts that the court erred in not awarding him the computer and his tools. Wife concedes that the court erred in not awarding Husband his tools. His argument is sustained with regard to the tools. We disagree with his other assertions.
{¶ 37} In a divorce proceeding, the trial court must divide marital property in an equitable manner. R.C. 3105.171(C)(1). When making the division of marital property, the trial court shall consider the factors set forth in R.C. 3105.171(F), including any "factor that the court expressly finds to be relevant and equitable." R.C. 3105.171(F)(9). A trial court is vested with broad discretion when fashioning this division of property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. Consequently, absent an abuse of discretion, a trial court's division of marital property will be upheld by a reviewing court. West v. West (Mar. 13, 2002), 9th Dist. No. 01CA0045, 2002-Ohio-1118, ¶ 37. As pertinent to our review of this assignment of error, the abuse of discretion standard has been discussed in the first assignment of error.
{¶ 38} Husband first argues that it was unfair for Wife to be awarded the computer when she was also awarded a treadmill, a stereo, and jewelry acquired throughout their marriage. He argues that this is especially unfair because he was not awarded anything but his weights and some items already in his possession.
{¶ 39} Upon reviewing the trial court's judgment entry, it is clear that, in addition to the weights, the trial court awarded Husband his son's personal items, the paintball equipment, one-half of the family photos, the generator, the leaf blower, the power washer, the television-V.C.R. combination, CD's, and family recipes. In addition, and contrary to Husband's assertion, he was awarded the stereo. With regard to the computer that Husband asserts was a gift from his employer, Wife testified that the family saved $900 to acquire the computer through a discount program that Husband's employer offered. Wife stated that she used the computer often in her job search and that it is especially helpful for creating resumes and cover letters. Further, in dividing the parties' automobiles, the court noted that, pursuant to temporary court orders, Husband had been ordered to pay the $200 per month loan payment on his vehicle. The court stated that Husband did not follow those orders and that, therefore, the balance remaining on his vehicle should be his financial responsibility.
{¶ 40} Husband's sixth assignment of error is sustained in part and overruled in part. On remand, the court will award Husband the tools in a manner consistent with this opinion. With regard to the remainder of the personal property division, considering the totality of circumstances in this case, we cannot say that the trial court's division of assets constituted an abuse of discretion. Husband's other assigned errors relating to the division of the parties' personal property are without merit.
 Seventh Assignment of Error {¶ 41} "THE COURT ERRED AND ABUSED ITS DISCRETION IN ITS ALLOCATION OF THE DEBTS AND APPLICATION OF THE INCOME TAX REFUND."
{¶ 42} In the seventh assignment of error, Husband asserts that the trial court erred in ordering the parties to use their income tax refund to pay for their credit card debts. Rather, Husband argues, they should have first paid the debt related to his vehicle and then paid off the credit card debts.
{¶ 43} As discussed previously, a trial court has broad discretion to fashion an equitable division of property. See Bisker,69 Ohio St.3d at 609. Although debt is not explicitly mentioned, courts interpreting section 3105.171(C)(1) of the Revised Code have found that the allocation of marital property includes the division of both marital assets and debts. See, generally, Mavity v. Mavity (Feb. 11, 2002), 12th Dist. Nos. CA2000-12-244, CA2000-12-247, 2002-Ohio-556; see, also, generally,Easterling v. Easterling (Apr. 13, 2001), 2nd Dist. No. 18523. The trial court must divide debt and other marital property in an equitable manner. Easterling, supra. In reviewing a court's decision, the standard of review is whether the trial court abused its discretion. Id. As pertinent to our review of this assignment of error, the abuse of discretion standard has been discussed in the first assignment of error.
{¶ 44} In the present case, both parties agree that they are equally responsible for the credit card debts. Husband's only assertion is that his car debt should be paid for first. In the hearing, Wife testified that she purchased Husband's vehicle for him three years prior to their marriage. She explained that Husband had poor credit and could not secure financing on his own so the parties agreed that Wife would take out a car loan in her name in exchange for Husband's promise to make monthly payments on the vehicle. As discussed in the sixth assignment of error, despite temporary court orders that Husband continue to make payments on the vehicle, Husband did not follow the orders and stopped making payments. The court considered the situation and found that the balance remaining on Husband's vehicle should be his financial responsibility.
{¶ 45} Upon consideration of the evidence, we do not find an abuse of discretion in dividing the parties' credit card debts equally and ordering that such debt be paid from the parties income tax refund. We also do not find that the court abused its discretion in finding that Husband must pay for his car debt based upon the fact that he did not follow court orders and stopped making his monthly car payments during the parties' separation period.
{¶ 46} Also, while Husband asserts that it was unfair that he was ordered to pay his one-half share of any credit card debt that remained after application of the tax refund within thirty days when Wife did not have to do so, this argument is without merit. Husband was ordered to pay Wife the money, rather than Wife paying Husband, simply because all of the credit cards were in her name due to Husband's bad credit. While Husband asserts that this is inequitable, any unpaid balance that remains after Husband pays his share will remain in Wife's name and will not affect Husband in any manner. Husband's seventh assignment of error is overruled.
{¶ 47} Husband's first, second, third, part of the sixth, and seventh assignments of error are overruled. His fourth, fifth, and part of the sixth assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. The cause is remanded for further proceedings consistent with this decision.
SLABY, P.J., CARR, J CONCUR.