OPINION
{¶ 1} Carole June McClain appeals from a Judgment Entry and Decree of Divorce entered by the Champaign County Court of Common Pleas, which did not award spousal support or health care coverage to her.
 {¶ 2} June and Robert McClain were married in 1953. Mrs. McClain filed a complaint for divorce in August 1997. The parties reached a property settlement agreement whereby Mr. McClain received the marital home and Mrs. McClain received several certificates of deposit and other accounts worth $88,000. The parties also agreed to divide Mr. McClain's retirement account equally and to split the two cars owned during the marriage. The parties could not agree, however, on the issues of spousal support and health care insurance.
 {¶ 3} The matter was referred to a magistrate, who held an evidentiary hearing in October 1998. The magistrate stated that he would award spousal support "by a separate decision" and determined that, although Mrs. McClain should have access to the health insurance available through Mr. McClain's former employer, Mr. McClain would not be ordered to pay the premiums as spousal support. Mrs. McClain filed objections to the magistrate's report based on the lack of an award of spousal support or health care coverage.
 {¶ 4} The trial court overruled the objection with respect to health care coverage while clarifying that Mrs. McClain would have to pay for such coverage herself. The trial court did not address spousal support in response to Mrs. McClain's objection. The clerk of courts issued a Notice of Final Appealable Order, and Mrs. McClain then filed an appeal to this court. We noted that the trial court's journal entry had not been a final, appealable order because it had failed to satisfy the requirements of Civ.R. 53(E)(4) by expressly adopting, rejecting, or modifying the magistrate's decision. We also pointed out that the magistrate had never addressed the issue of spousal support. We dismissed the appeal for lack of jurisdiction, and the matter returned to the trial court.
 {¶ 5} On remand, a different magistrate reviewed the case. This magistrate recommended that no spousal support be awarded. No objections were filed, and the trial court approved the magistrate's decision in all respects. Mrs. McClain again appeals, raising four assignments of error.
 {¶ 6} 1. "The magistrate abused his discretion and decided against the manifest weight of the evidence by concluding plaintiff, carole june mcclain, was not entitled to spousal support."
 {¶ 7} 2. "The magistrate erred by finding appellant's marital responsibilities did not impair income production to enable her to maintain her living expenses."
 {¶ 8} 3. "The magistrate erred under R.C. 3105.18(C)(1) by failing to award permanent spousal support to Plaintiff/Appellant."
 {¶ 9} 4. "The Magistrate erred by failing to award Plaintiff spousal support to pay for her health insurance."
 {¶ 10} In essence, all of these assignments challenge the trial court's failure to award spousal support, including its failure to award health insurance coverage as spousal support. As such, we will address these assignments together.
 {¶ 11} A trial court has broad discretion in determining whether to award spousal support. Vanderpool v. Vanderpool
(1997), 118 Ohio App.3d 876, 878, 694 N.E.2d 164. The amount of a support award is also within the discretion of the trial court.Moore v. Moore (1992), 83 Ohio App.3d 75, 78, 613 N.E.2d 1097. An appellate court should not alter an award absent a finding that the trial court abused its discretion, which means that the trial court's determination was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1993),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 12} Any grant of spousal support for sustenance is dependent upon the trial court's determination that support is reasonable and appropriate. In making this determination, the trial court must consider all the relevant factors set forth in R.C. 3105.18, and may not consider any one factor in isolation. See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96,518 N.E.2d 1197. The factors in R.C. 3105.18(C)(1) are:
 {¶ 13} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 14} "(b) The relative earning abilities of the parties;
 {¶ 15} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 16} "(d) The retirement benefits of the parties;
 {¶ 17} "(e) The duration of the marriage;
 {¶ 18} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 19} "(g) The standard of living of the parties established during the marriage;
 {¶ 20} "(h) The relative extent of education of the parties;
 {¶ 21} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 24} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 26} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} The evidence presented at the hearing before the magistrate established the following facts. Mrs. McClain was 66 years old and in good health. She had graduated from high school, but her work experience consisted primarily of working the family farm and keeping the books for the farm and family. As such, she had not been employed in positions through which she had paid into Social Security and become eligible for benefits on her own behalf. She received a monthly Social Security benefit of $403 through Mr. McClain's account. She also received half of Mr. McClain's monthly pension, which amounted to $368 per month. Thus, her total monthly income was $772. Mrs. McClain testified that her monthly expenses were approximately $900. She paid $42.50 per month for Medicare and hoped to maintain health insurance coverage through Mr. McClain's former employer, Navistar. No evidence was presented about the cost of this insurance. Mrs. McClain stated that she did not think that she would be able to get a job.
 {¶ 28} Mrs. McClain was involved in a new relationship with a man named Gene Moore, but the two did not live together. She stated that they shared expenses for things such as cooking when they spent time together. Mrs. McClain denied that Moore was providing her with financial support, but she did acknowledge that he had given her a $17,000 loan to help with the purchase of a car.
 {¶ 29} Mr. McClain, who was 74, received $1,313 per month in Social Security benefits, plus $368 for his half of the pension, for a total of $1,681. He estimated that upkeep on the house, which was apparently unencumbered by a mortgage, would average $850 per month for insurance, repairs, and taxes. The parties had sold their farm to their son. Mr. McClain received health insurance through Navistar at no charge. He did not present any evidence about other expenses.
 {¶ 30} The magistrate who issued the first report and recommendation made the following pertinent findings, upon which a different magistrate relied in summarily denying spousal support after the prior appeal. The magistrate noted that Mr. McClain had income of $910 more per month than Mrs. McClain, and that Mrs. McClain "wants $900 of that." This statement is not supported by the record, wherein Mrs. McClain stated that her expenses were $900 per month. In other words, she sought $900 in total income, not $900 from the difference in the parties' income.
 {¶ 31} The magistrate found that neither party had a significant physical, mental, or emotional condition warranting consideration and that their children were emancipated. He further found that "[t]he parties had established a comfortable standard of living during the marriage. However, a review of the parties' incomes and expenses, and in light of the proposed property division it is highly unlikely either party will soon enjoy the standard of living attained during the marriage." The magistrate noted that limited information was provided at the hearing regarding the parties' educations, their contributions to the education or training of the other, and lost income attributable to marital responsibilities.
 {¶ 32} In a discussion of Mrs. McClain's new relationship with Mr. Moore, the magistrate stated that "[t]here was no evidence that [Mrs. McClain] intended to acquire other separate living quarters for herself after the divorce." Thus, the magistrate seems to have concluded that Mrs. McClain intended to live with Mr. Moore. The record does not support this statement, however. When asked if she would be living with Mr. Moore when she moved out of the marital residence, Mrs. McClain stated, "I don't know that. I may have to find another residence." No other evidence was presented on this issue.
 {¶ 33} The magistrate's decision, which was adopted by the trial court, provided Mrs. McClain with monthly income of $772 and Mr. McClain with monthly income of $1,681. Mrs. McClain stated that her monthly expenses were approximately $900. In our view, given the length of the marriage, the disparity in the parties' incomes, and the absence of any evidence of unusual or excessive expenditures by either party, the trial court abused its discretion in refusing to award spousal support that was at least sufficient to cover Mrs. McClain's monthly expenses. Frankly, we are somewhat baffled by the court's failure to do so. As for the health insurance, Mrs. McClain failed to present any evidence about the cost of this benefit. Perhaps its cost might have exceeded either party's ability to pay. In any event, the trial court did not abuse its discretion in refusing to order Mr. McClain to pay for such coverage in the absence of any specific evidence about the cost.
 {¶ 34} Mrs. McClain's first, second, and third assignments of error are sustained. Her fourth assignment of error is overruled.
 {¶ 35} The judgment of the trial court will be affirmed in part, reversed in part, and this matter will be remanded for further consideration of the issue of spousal support.
Fain, P.J. and Brogan, J., concur.