DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Arthur Lara, III, appeals from the judgment decree of divorce entered in the Lorain County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.
 I. {¶ 2} Appellant and Appellee, Stacey Lara, were married in 1999. The parties had two children, S.L., born February 11, 2000, and A.L., IV, born October 2, 2002.
 {¶ 3} On November 14, 2004, Appellee filed a complaint for divorce, alleging gross neglect, adultery, and extreme cruelty, and requested a division of the marital property, status as residential parent and legal custodian of the children, temporary and permanent spousal support, and temporary and permanent child support. Subsequently, Appellee filed a motion for temporary orders for custody, child support, and spousal support. However, the service of summons of the divorce complaint on Appellant was returned as "attempted not known." Service was attempted again to Appellant's new address, and this time a certified receipt was returned signed. On November 30, 2004, counsel for Appellant entered an appearance as attorney of record for Appellant, and filed an answer to the complaint, denying Appellee's allegations of gross neglect, adultery, and extreme cruelty, and requesting the court to dismiss the complaint. Appellant filed an answer and counterclaim, asserting that the parties are incompatible.
 {¶ 4} The matter was set for a full pretrial with parties to be present on December 14, 2004. A case management conference was also set for January 18, 2005. Pursuant to the pretrial, the parties agreed that Appellant would pay $700 in monthly "family support," and he would have supervised visits with the children.
 {¶ 5} The matter was set for a further status and case management conference on February 18, 2005. Both parties and their counsel appeared at the hearing. The magistrate documented that the parties would likely be contesting allocation of parental rights and responsibilities, spousal support, property division, and allocation of marital debt. Another status conference hearing was scheduled for April 20, 2005. The parties later agreed to continue the status conference to May 20, 2005.
 {¶ 6} On May 20, 2005, Appellant's counsel filed a motion to withdraw, asserting in part that Appellant had failed to be cooperative with counsel. The magistrate granted the motion, and notice of the withdrawal was sent to Appellant. The matter was scheduled for a status conference on June 2, 2005, and Appellant was ordered to appear. However, Appellant failed to appear at the status conference. On the same day, the magistrate issued an order setting the matter for a final uncontested divorce hearing before the court on June 27, 2005. The magistrate also ordered that Appellant begin to pay his child support through the Child Support Enforcement Agency.
 {¶ 7} On June 24, 2005, only three days before the hearing, Appellant filed a pro se motion for a continuance in order to obtain counsel, serving notice on Appellee's counsel. Thereafter, Appellee amended her complaint to assert incompatibility as another ground for divorce.
 {¶ 8} Appellant attended the June 27, 2005 hearing without counsel. During the hearing, Appellant requested that the court continue the matter. Appellant asserted that he just received a copy of the proposed divorce decree and had not had a chance to review the terms of the decree with an attorney. The court denied the motion. During the hearing, the court asked Appellant the following:
"Q. Father, your wife says the two of you are incompatible. Do you believe that to be true?"
"A. Yes.
"Q. You understand that entitled her to a divorce here today?
"A. Yes."
 {¶ 9} Subsequently, the court entered a judgment entry decree of divorce that found the parties to be incompatible. The court designated Appellee as the residential parent and legal custodian of the children. Appellee would retain full custody of the children subject to Appellant's conditional visitation rights. Additionally, the court ordered Appellant to pay $680.98 per month in child support, $400 per month in spousal support, and reduced to a lump sum judgment Appellant's child support arrearages. While the court signed and approved the judgment entry and Appellee signed signifying her own approval, Appellant's signature does not appear on the entry.
 {¶ 10} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED BY FAILING TO GRANT THE APPELLANT'S REQUESTED CONTINUANCE OF THE UNCONTESTED DIVORCE HEARING, DESPITE THE FACT THAT APPELLANT EXPRESSLY STATED HE WAS NOT IN AGREEMENT WITH THE TERMS OF THE UNCONTESTED DIVORCE DECREE."
 {¶ 11} In his first assignment of error, Appellant contends that the trial court improperly denied his motion to continue the June 25, 2003 hearing, which Appellant made during that hearing. We disagree.
 {¶ 12} The decision to grant or deny a continuance rests within the sound discretion of the trial court. Ungar v.Sarafite (1964), 376 U.S. 575, 589, 11 L.Ed.2d 921; State v.Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 30, citing State v. Unger (1981), 67 Ohio St.2d 65, 67. An appellate court may reverse the trial court's decision if it amounts to an abuse of discretion. Id. To constitute an abuse of discretion, a trial court's attitude must be arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc.
(1993), 90 Ohio App.3d 546, 552.
 {¶ 13} When reviewing a motion for continuance, a court should consider the following factors:
"[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, 67 Ohio St.2d at 67-68.
 {¶ 14} In Unger, the Ohio Supreme Court primarily noted that in this evaluation, "[w]eighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id. at 67.
 {¶ 15} On May 20, 2005, a status conference was held on Appellant's counsel's motion to withdraw as counsel. Then another status conference was set for June 2, 2005 before the magistrate. Appellant failed to appear for that status conference before the magistrate. At the June 27, 2005 hearing, Appellant asserted that he received the notice of the June 2, 2005 hearing only two days prior to the date, and explained that he did not request a continuance because he "didn't know the number." Instead, he called Appellee's counsel, who did advise him to attend the hearing. Appellant was sent notice of the court's order allowing Appellant's counsel to withdraw. On June 2, 2005, the court scheduled the matter for a final uncontested divorce hearing, as reflected by a magistrate order journalized the same day. Notice was sent to Appellant.
 {¶ 16} On June 24, 2005, only three days before the hearing, Appellant finally made an effort to contact the court; he requested a continuance to obtain counsel by filing a pro se motion. The hearing proceeded as scheduled, and Appellant appeared without counsel. Appellant requested a continuance during the hearing on the grounds that he had just received a copy of the divorce decree during the hearing, and that he had not had an opportunity to review its terms with an attorney. Appellant did not make any representation as to whether he had made any effort to obtain counsel, even though he had ample time to obtain counsel. Furthermore, the transcript of the hearing reflects that Appellant did not contest the divorce; he merely contested Appellee's position with respect to the marital property, child support, spousal support, and custody.
 {¶ 17} Based on the circumstances, we must find that the trial court did not abuse its discretion when it denied Appellant's motion for a continuance. See State ex rel. V Cos.v. Marshall (1998), 81 Ohio St.3d 467, 469.
 {¶ 18} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN GRANTING THE APPELLEE A DIVORCE ON JUNE 27, 2005 AS THE COURT FAILED TO CONSIDER ANY OF THE STATUTORY FACTORS ENUMERATED IN O.R.C.3105.171(F); O.R.C. 3105.18(C); O.R.C. 3109.04(F) OR O.R.C. 3119.82[.]"
 {¶ 19} In his second assignment of error, Appellant contends that the trial court erred when it entered a judgment of divorce. Appellant specifically assigns error to the trial court's failure to make findings in support of the division of marital property, the award of spousal support, the designation of Appellee as residential parent and legal custodian, and the decision with respect to claiming the children as dependents on federal income tax returns. Appellant also argues that the court's entry did not dispose of all of the parties' marital property.
 {¶ 20} We observe that Appellant has failed to present an argument regarding the court's alleged noncompliance with the requirements of R.C. 3119.82, which governs the claiming of children as dependents on federal income tax returns. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(7). "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardonev. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. Therefore, we will not address this portion of Appellant's assignment of error.
 {¶ 21} Appellant argues that the entry does not reflect that the court considered the applicable factors in R.C. 3109.04(F) for awarding parental rights and R.C. 3105.18(C) for ordering spousal support. Both R.C. 3109.04(F) and R.C. 3105.18(C) state that the court "shall consider" the enumerated factors in making the respective decisions. The entry did not state that the parties waived these requirements.
 {¶ 22} We note that Appellee has failed to file an appellate brief in this appeal. Thus, "[p]ursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [A]ppellant's brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 23} A trial court's decision regarding the equitable division of marital property and an award of spousal support is reviewed for an abuse of discretion. Vanderpool v. Vanderpool
(1997), 118 Ohio App.3d 876, 879. We have already discussed this standard above. See Blakemore, 5 Ohio St.3d at 219.
 {¶ 24} "In order for this court to review the allocation of property between parties to a divorce and any support award, the `trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.'" Vanderpool,118 Ohio App.3d at 880, citing Kaechele v. Kaechele (1988),35 Ohio St.3d 93, paragraph two of the syllabus. A trial court must consider and address the factors enumerated in R.C. 3105.171 and3105.18 when dividing marital property and awarding spousal support. Vanderpool, 118 Ohio App.3d at 879. "Failure to consider these mandatory statutory factors is an abuse of discretion." Id.
 {¶ 25} In the instant case, the court's entry does not reflect that it considered the factors in R.C. 3105.171(F) and R.C. 3105.18(C). Thus, we find that the court abused its discretion in ordering spousal support and designating Appellee the residential parent and legal custodian without considering the requisite factors.
 {¶ 26} In addition, Appellant argues that the property division does not allocate all of the parties' marital property. Specifically, he argues that the entry did not mention and no evidence was presented regarding a 1994 E350 Ford cargo van. The transcript of the uncontested divorce hearing reflects that Appellant did not complain of this alleged omission when the court allowed him to explain why he did not agree with the entry. Appellant cannot now challenge for the first time on appeal that which he has effectively waived.
 {¶ 27} Appellant also asserts that the court erred in not making the requisite findings with respect to the custody of the children. This Court reviews a trial court's decision to adopt a shared parenting plan for an abuse of discretion. Haas v.Bauer, 156 Ohio App.3d 26, 2004-Ohio-437, at ¶ 20. The court has the discretion to accept a shared parenting plan proposed by a party "so long as the trial court finds that the shared parenting plan is in the best interest of the children." Id. at ¶ 21. The court must find that it considered the best interests of the children. Id. Furthermore, R.C. 3109.04(F) requires that the court consider the factors enumerated therein. Because the judgment entry in this case does not indicate that the court made the best-interest-of-the-children finding and that it considered the requisite factors, we find that the trial court abused its discretion in adopting the shared parenting plan and designating Appellee as the residential parent and legal custodian.
 {¶ 28} Appellant's second assignment of error is overruled in part and sustained in part.
 III. {¶ 29} Appellant's first assignment of error is overruled. Appellant's second assignment of error is overruled in part and sustained in part. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both party equally.
Moore, J. concurs.